UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ACTIVE WORLD HOLDINGS, INC. | : | CHAPTER 11 |
| d/b/a Active World Club | : | |
| | : | |
| Debtor, | : | BKRTCY. NO. 25-11826 pmm |
| | : | |

## PLAN OF REORGANIZATION OF DEBTOR ACTIVE WORLD HOLDINGS, INC. DATED JULY 30, 2025

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code") under Sections 1190 and 1191 is proposed by the Debtor from ongoing operations of the Debtor.

**ALL CREDITORS, PARTIES-IN-INTEREST AND EQUITY SECURITY HOLDERS SHOULD REFER TO ARTICLES III THROUGH V OF THIS PLAN FOR INFORMATION REGARDING THE TREATMENT OF THEIR CLAIMS OR INTERESTS. YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE AS BANKRUPTCY IS A SOMEWHAT UNIQUE AND ESOTERIC AREA OF THE LAW.) THIS PLAN IS A PROPOSAL BY THE DEBTOR AND SUBJECT TO COURT APPROVAL AFTER OPPORTUNITY FOR OBJECTIONS AND A HEARING. YOU ALSO HAVE THE RIGHT TO FILE AN OBJECTION TO CONFIRMATION OF THE PLAN. YOU WILL BE PROVIDED AN ORDER FROM THE BANKRUPTCY COURT SETTING IMPORTANT DATES AND DEADLINES RELATIVE TO APPROVAL OF THIS PLAN.**

### ARTICLE II
### HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR

A. **The Debtor and its business**

Debtor is engaged in creating blockchain opportunities for various assets especially its property at Galen Hall, Wernersville, PA property and has also participated in producing a film for imminent release known as "The Performance".

Prior to filing this case, largely due to Covid and the 'crypto crash', Debtor's prior financing fell into disarray. However, there is now some certainty in the market such that the products to be developed should bear fruit.

As a result of Debtor's financial distress, Debtor was pursued by secured creditors and Sheriff's Sales were scheduled in both Lancaster and Berks counties, which caused a prior filing, and this one as well, as a last minute proposed deal with WFD, a secured lender and judgment holder, did not accept the terms proposed.

However, prior to the instant filing, Debtor settled a good portion of a $900,000 debt with one of its creditors and the creditor pool, both secured and unsecured, is now approximately $600-700,000, which is much more manageable.

Debtor has settled a receivable with "GivBux", a publicly traded company.  Debtor believes settlement funding to be at hand.

**B.    Legal Structure and Ownership of the Debtor**

The Debtor is a Pennsylvania corporation.  Alfonso Knoll is the sole owner and sole shareholder.

**C.    Events Leading to the Debtor's Filing of this Chapter 11 case**

Covid and the 'crypto crash' around the same time led to financial distress, which led to Debtor's secured lenders putting pressure on Debtor to pay.  When Debtor could not afford to do so, the lenders began foreclosure proceedings.

**D.    Summary of Debtor's Historical Condition as of the Date of Filing.**

1. **Asset summary:**

    a.    The personal property on Schedule B consists of receivables and contract rights.  Debtor believes these values to be substantial, well in excess of the balance of all of its debts.

    This value presented is $15 million at a minimum.

    b.    Cash at filing: $0

    c.    Deposits: Zero to date

      d.    Real estate at Galen Hall, Wernersville, PA, valued at $685,000 per a prepetition appraisal but believed to be worth in excess of $1 million.

**2. Liability summary:**

      a.    Secured Debt: $700-800,000 mortgage, judicial lien and real estate tax liens.

      b.    Priority Debt: $0.00

      c.    General Unsecured Debt:   $51,000

**3. Revenue History (gross revenue)**

    2022:
    2023:
    2024:    -0-
    2025:    -0-

## ARTICLE III
## CLASSIFICATION OF CLAIMS AND INTERESTS

The Debtor has classified all claims and interests in accordance with §§ 1122, 1123 and 1190 of the Bankruptcy Code. This Article describes the creditors and how these claim are to be classified and paid. While Debtor reserves the right to dispute or object to a claim, none have yet to be identified. The classification of claims and proposed treatment within each class is as follows:

**A. Administrative Priority:**

All parties claiming administrative expense priority (including unsecured claims) pursuant to § 507(a)(2) of the Bankruptcy Code who are treated as such in this Plan shall not be obligated to file an application with the Court to approve their administrative claim priority status. Those claimants include the Subchapter V Trustee and Debtor's counsel, Kevin K. Kercher, Esquire. Other parties who wish to claim administrative expense priority shall file an application to approve their respective asserted priority status no later than thirty (30) days after the Effective Date. Administrative Priority Claims will be paid in full. These claims are estimated to total approximately $15,000.

**B.    Class 1:**

Class 1 claimants are holders of allowed secured claims. These claimants total approximately $800,000. The claims are secured by liens (tax claims) or mortgages (on Debtor's real estate at Wernersville, Pennsylvania. These claims will be paid directly.

**C.    Class 2:**

General Unsecured Claims without priority. These claims are estimated to total approximately $51,000.

**D.    Disputed Claims:**

1. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order of the Bankruptcy Court and, either:

   a. is a Proof of Claim that has been filed or deemed filed, and to which the Debtor or another party in interest has filed an objection, and/or has indicated on Appendix A that the Proof of Claim is disputed; or

   b. no Proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

2. No distribution will be made on a disputed claim unless the claim is allowed by a final, non-appealable order.

3. Settlement of Disputed Claims: The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and in accordance with Bankruptcy Rule 9019. Except as otherwise provided in this plan, the payments, distributions and other treatments provided in respect of each Allowed Claim or Interest in this Article shall be in complete satisfaction, discharge and release of such Allowed Claim. Notwithstanding any other provision of the Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions in respect of any claim and Interest which at such date or time is disputed, unliquidated, or contingent shall not be made until such Claim or Interest becomes an Allowed Claim or Allowed Interest, whereupon such payment and distribution shall be made promptly.

## ARTICLE IV
## TREATMENT OF CLAIMS AND PAYMENT UNDER THE PLAN

**A.** **Treatment and payment of claims:**

Unless otherwise provided in this Plan, funds received by the Trustee or disbursed directly by the Debtor to all creditors shall be paid in the following order of priority:

1. Pursuant to § 1191 (e) of the Bankruptcy Code, the payment of claims entitled to priority under §§ 507(a)(2) and (a)(3) of the Bankruptcy Code shall be paid in full prior to the payment of all other claims.

2. Except as otherwise provided in § 1191(e) of the Bankruptcy Code, the payment of claims entitled to priority under § 507 of the Bankruptcy Code shall be paid in accordance with § 1129(a)(9) of the Bankruptcy Code.

3. Concurrently with the payments made as above, Debtor shall pay its secured claimants pursuant to agreed amounts or amounts as determined after objection, if any, in full.

4. Concurrently with payments made as above, Debtor shall pay its remaining general, unsecured claims, in full.

5. In accordance with § 1191 of the Bankruptcy Code and the terms of this Plan, the Debtor shall retain the Debtor's interest in property of the estate.

**B.** **Amount and timing of payments:** Debtor proposes to pay its creditors in full in agreed amounts or amounts determined after claim objections (if any) are determined.

Payment will be made no later than thirty (30) days following Confirmation.

Debtor shall be the disbursing agent.

## ARTICLE V
## TRUSTEE COMPENSATION

The Trustee shall be paid for services rendered in this Chapter 11 case an Administrative Priority Claim under § 507 of the Bankruptcy Code and pursuant to Article IV of this Plan. If and as required, all fees and expenses requested by the Trustee are subject to review and approval by the Court under §§ 329 and

330 of the Bankruptcy Code.

## ARTICLE VI
## ATTORNEY COMPENSATION

The Debtor's attorney, Kevin K. Kercher, Esquire, shall be paid for the services rendered to the Debtor as an Administrative Priority Claim under § 507 of the Bankruptcy Code and pursuant to Article IV of this Plan. If and as required, all fees and expenses requested by the Debtor's attorney are subject to review and approval by the Court under §§ 329 and 330 of the Bankruptcy Code.

## ARTICLE VII
## LIQUIDATION ANALYSIS

Attached hereto as Exhibit "B" is a liquidation analysis required by § 1190(1)(B) of the Bankruptcy Code and the Local Rules of this Court. Debtor believes its assets greatly exceed its debts and intends to pay creditors in full in amounts either agreed to or determined after any possible objections to claims are litigated.

## ARTICLE VIII
## DEBTOR'S DISPOSABLE INCOME AND PLAN FUNDING

Debtor intends to fund the Plan with the GivBux recievable upon receipt of the final paperwork and/or at the direction of the Court after motion, or upon Confirmation.

## ARTICLE IX
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

None.

## ARTICLE X
## PROPERTY VESTS IN DEBTOR FREE AND CLEAR

Except as provided in this Plan or the Order confirming the plan, all of the property of the estate, pursuant to §§ 1141 (b) and (c) of the Bankruptcy Code, vests in the Debtor as of the Effective Date, free and clear of any claim or interest of any creditor provided for in this Plan.

## ARTICLE XI
## CONFIRMED PLAN BINDING ON DEBTOR AND CREDITORS

Except as provided in §§ 1141 or 1192 of the Bankruptcy code, as applicable, the provisions of this Plan shall, upon confirmation, bind the Debtor, each and every creditor of this estate and each party in interest, whether or not the claim of such creditor or party is provided for by the Plan and whether or not such creditor or party has accepted or has rejected the Plan.

## ARTICLE XII
## DISCHARGE

Upon payment by the Debtor of the sums required under this Plan and application to the Court, the Debtor shall be eligible to receive a discharge under § 1192 of the Bankruptcy Code.

## ARTICLE XIII
## GENERAL PROVISIONS

**A.    Definitions and Rules of Construction.**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

**B.    Effective Date of Plan.**

The Effective Date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

**C.    Severability.**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**D.    Binding Effect.**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the

-7-

benefit of the successors or assigns of such entity.

**E.    Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**F.    Controlling Effect.**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**G.    Exhibits.**

The Exhibits attached to this Plan are incorporated into the Plan as if the same were fully set forth herein.

## ARTICLE XIV
## GOOD FAITH/FEASIBILITY

The Debtor believes and represents that the Plan is proposed in good faith and that Debtor has and will have the financial ability to perform under its provisions.

## ARTICLE XV
## DEFAULT

The Debtor believes it will be able to make all plan payments.  However, in the event of a default in payment, any aggrieved party may sue in State Court for the balance of plan payments owed.  In the alternative, the aggrieved party may request that the case be converted to a case under Chapter 7 and if closed may request that the case be re-opened to consider such conversion.

## ARTICLE XVI
## BANKRUPTCY CLAIMS/CAUSES OF ACTION

Debtor does not believe that any causes of action against any third parties exist either under State law or the Bankruptcy Code, and does not intend to pursue any such claims.

## ARTICLE XVII
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this Chapter 11 case to issue orders necessary to the consummation of the Plan; to determine the allowance of compensation and expenses of professionals; to determine any and all adversary proceedings, applications and contested matters; to determine issues or disputes relating to the assumption of executory contracts and any claims related thereto; to determine disputes as to classification or allowance of claims or interests; to issue such order in aid of execution of this Plan to the extent authorized by § 1142 of the Bankruptcy Code; to enforce the provisions of the Plan; to recover all assets of the Debtor and property of the Debtor's estate, wherever located; to resolve any dispute between or among any of the parties to this bankruptcy proceeding; to determine other such matters as may be set forth in a confirmation order or as may be authorized under the provisions of the Bankruptcy Code; to enter a final decree closing the bankruptcy case; and to correct any defect, cure any omission or reconcile any inconsistency in this Plan or the confirmation order, and to take any action or make any ruling as may be necessary to carry out the purpose and intent of this Plan.

Notwithstanding the foregoing, it is Debtor's intention to request that the case be closed upon substantial consummation.

Dated: 7/30/25

Respectfully submitted,

_____
Alfonso Knoll
Sole Member and Manager
Active World Holdings, Inc.
Debtor

Dated: 7/30/25

_____
Kevin K. Kercher, Esq.
881 Third St.
Ste. C-2
Whitehall, PA 18052
610-264-4120 - phone
610-264-2990 - fax
kevin@kercherlaw.com
Attorney for Debtor